UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| REGINALD JONES | § | |
| | § | |
| v. | § | CIVIL NO. 4:24-CV-693-SDJ |
| | § | |
| DIRECTOR, TDCJ-CID | § | |

**MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Before the Court is the Report and Recommendation of the United States Magistrate Judge in this action, (Dkt. #48), this matter having been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636 and Local Rule CV-72, (Dkt. #7-1). In the report, the Magistrate Judge recommends that the Court deny Petitioner Reginald Jones's Motion for Preliminary Injunction Relief for Immediate Final Revocation Hearing, (Dkt. #16). Jones timely filed objections. (Dkt. #50). For the reasons outlined below, the Court will adopt the Report and Recommendation, overrule Jones's objections, and deny Jones's preliminary injunction motion.

**I. BACKGROUND**

This is a habeas action under 28 U.S.C. § 2254. Petitioner Reginald Jones, a Texas state prisoner, challenges his confinement on the ground that he was denied a parole revocation hearing in violation of his due process rights. (Dkt. #1 at 5).

Jones first raised this challenge in state court. Relying on affidavits and exhibits produced by Respondent—including a "Waiver of Hearing" signed by Jones— the state court found that "[Jones's] parole was not revoked in violation of due process because he was given notice of his rights and the alleged violations, he waived his

1

right to a revocation hearing, each of the violations were sustained, and he was notified of the decision in writing." (Dkt. #34-3 at 269).

Following the state court ruling, Jones filed a petition for writ of habeas corpus in this Court. (Dkt. #1). Jones now moves for "preliminary injunction relief," and asks that the Court order a "final revocation hearing [to be] held immediately within 20 days." (Dkt. #16 at 1, 6). The Magistrate Judge issued a report and recommendation that the Court deny Jones's preliminary injunction motion. (Dkt. #48). Jones filed objections, largely reiterating the claims in his motion. (Dkt. #50).

## II. LEGAL STANDARD

A district court reviews the findings and conclusions of a magistrate judge de novo only if a party objects within fourteen days after being served with the report and recommendation. FED. R. CIV. P. 72(b)(2)–(3). To challenge a magistrate judge's report, a party must specifically identify those findings to which it objects. "Frivolous, conclusive or general objections need not be considered by the district court." *Nettles v. Wainright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996). "And objections that simply rehash or mirror the underlying claims addressed in the report are not sufficient to entitle the party to de novo review." *Thompson v. Pruett*, No. 4:21-CV-371-SDJ, 2022 WL 989461, at *1 (E.D. Tex. Mar. 31, 2022).

## III. DISCUSSION

A party seeking a preliminary injunction must establish "(1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury if the

injunction is not issued, (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted, and (4) that the grant of an injunction will not disserve the public interest." *Janvey v. Alguire*, 647 F.3d 585, 595 (5th Cir. 2011) (quoting *Byrum v. Landreth*, 566 F.3d 442, 445 (5th Cir. 2009)). "The first factor—likelihood of success on the merits—is 'the most important.'" *United States v. Abbott*, 110 F.4th 700, 706 (5th Cir. 2024) (quoting *Mock v. Garland*, 75 F.4th 563, 587 n.60 (5th Cir. 2023)).

"A preliminary injunction is an extraordinary remedy and should only be granted if the plaintiffs have clearly carried the burden of persuasion on all four requirements." *Nichols v. Alcatel USA, Inc.*, 532 F.3d 364, 372 (5th Cir. 2008) (cleaned up). Here, Jones has not carried his burden of persuasion on any of the four preliminary-injunction requirements.

**A. Likelihood of Success on the Merits**

For claims that were adjudicated on the merits in state court, a federal court may grant habeas relief only in two narrow circumstances: The state-court decision must have been (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *see also Harrington v. Richter*, 562 U.S. 86, 100, 131 S.Ct. 770, 178 L.Ed.2d 624 (2011). This exacting standard for relief "reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error

3

correction through appeal." *Harrington*, 562 U.S. at 102–03 (quoting *Jackson v. Virginia*, 443 U.S. 307, 332 n.5, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) (Stevens, J., concurring in judgment)).

A state-court decision can be "contrary to" clearly established federal law in two ways: First, if the state court applies a rule that contradicts Supreme Court precedent. *Williams v. Taylor*, 529 U.S. 362, 405, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). Second, if the state court "confronts a set of facts that are materially indistinguishable from a [Supreme Court] decision . . . and nevertheless arrives at a result different from [that] precedent." *Id.* at 406.

A state-court decision "involves an unreasonable application" of federal law when it "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." *Id.* at 407–08. Under this deferential standard, "a habeas court must determine what arguments or theories supported or . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme Court]." *Harrington*, 562 U.S. at 102. In other words, a state prisoner must show that the state-court decision "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 103.

Under clearly established federal law, parole revocations must comport with certain minimum due process requirements. *Morrissey v. Brewer*, 408 U.S. 471,

481–82, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). Those requirements are (1) a preliminary hearing to determine if probable cause exists to revoke parole, and (2) a revocation hearing, if requested, prior to the final decision by the parole authority. *Id.* at 485–88. For the revocation hearing, due process requires "(a) written notice of the claimed violations of parole; (b) disclosure to the parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a 'neutral and detached' hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking parole." *Id.* at 489. Importantly, due process requires only the "*opportunity* for a hearing, if it is desired by the parolee." *Id.* at 487 (emphasis added). Thus, "a parolee may waive his right to a revocation hearing" consistent with the requirements of due process. *See Lewis v. Dir., TDCJ-CID*, No. 6:14CV499, 2014 WL 7213192, at *4 (E.D. Tex. Dec. 18, 2014) (citing *Byrd v. McKaskle*, 733 F.2d 1133, 1138 (5th Cir. 1984)).

Here, Jones has not shown that the state-court decision upholding his parole revocation was "contrary to, or involved an unreasonable application of, clearly established Federal law," or that it was "based on an unreasonable determination of the facts in light of the evidence." *See* 28 U.S.C. § 2254(d). As explained above, due process does not require a revocation hearing when the parolee waives his right to one. The state court found that Jones did just that by signing a waiver stating:

5

> I do not want a REVOCATION hearing. I understand that the parole officer has no authority to make promises as to what will happen if I do not have hearing. I also understand that the Parole Board will, in all probability, revoke. I have not been coerced into signing this waiver.

(Dkt. #34-3 at 268).

Jones does not contest that he signed this waiver in either his motion or his objections to the Magistrate Judge's report. In his objections, however, Jones asserts that parole "coerce[d]" him into "waiv[ing] [his] rights by stating . . . 'You won't be violated, or you will be reinstated.'" (Dkt. #50 at 1). Jones does not explain how these statements constitute coercion or offer any additional context on the alleged coercion. Nor is it apparent to the Court how these alleged statements could constitute coercion. Even if a parole officer made the alleged statements or promises, Jones signed a waiver nullifying all such promises. (Dkt. #34-3 at 268). That waiver also specifically disclaimed coercion. (Dkt. #34-3 at 268). Thus, Jones has not shown that the state court violated clearly established law or otherwise erred in finding that he waived his right to a revocation hearing.

Jones does not identify any other errors in the state-court decision that would justify federal habeas relief here. And Jones's other objections to the Magistrate Judge's report are either unintelligible or so general and conclusory that the Court need not consider them. *See Nettles*, 677 F.2d at 410 n.8 ("Frivolous, conclusive or general objections need not be considered by the district court.").

For these reasons, the Magistrate Judge correctly found that Jones has not demonstrated a likelihood of success on the merits of his habeas claim.

6

**B. Other Preliminary Injunction Requirements**

Jones's failure to demonstrate a likelihood of success on the merits—"the most important" preliminary injunction factor—is fatal to his request for preliminary injunctive relief. *Abbott*, 110 F.4th at 706; *see also Lake Charles Diesel, Inc. v. Gen. Motors Corp.*, 328 F.3d 192, 203 (5th Cir. 2003) ("As the four prongs of the test for granting a preliminary injunction are conjunctive, [plaintiff's] failure of the likelihood-of-success prong is fatal to its claim for such relief."). If that weren't enough, Jones does not address any of the remaining preliminary injunction requirements in either his motion or his objections to the Magistrate Judge's report. Thus, the Magistrate Judge correctly found that Jones has not "clearly carried the burden of persuasion" on these requirements. *See Nichols*, 532 F.3d at 372 ("A preliminary injunction is an extraordinary remedy and should only be granted if the plaintiffs have clearly carried the burden of persuasion on all four requirements.") (cleaned up).

## IV. CONCLUSION

For these reasons, the Court **OVERRULES** Petitioner's Objections to the Magistrate Judge's Report and Recommendation, (Dkt. #50).

It is therefore **ORDERED** that Petitioner's Motion for Preliminary Injunction Relief for Immediate Final Revocation Hearing, (Dkt. #16), is **DENIED**.

**So ORDERED and SIGNED this 19th day of September, 2025.**

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE